[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The defendants have moved to strike the plaintiff's complaint in this summary process action because the Notice to Quit served on the defendants by the plaintiff allegedly fails to state a proper ground for relief under the summary process statute, Connecticut General Statutes Sec. 47a-23. The gravamen of the claim is that the reason cited by the plaintiff in its Notice to Quit, "Possession of illegal drugs or drug paraphernalia or permitting such possession at 58 Oadwood Knoll, Norwich, CT", is not included in the list of reasons delineated in Connecticut General Statutes Sec.47a-23(a).
The plaintiff's response is that the requirements of the statute are not so ritualistic as to require it to track word for word the generic language of the statute, especially when the particularized allegations of this Notice to Quit in fact give the defendants more precise warning of the reasons for seeking eviction than would the more generic "Violation of the rental agreement or lease" contained in Connecticut General Statutes Sec. 47a-23(a)(1)(C)). Moreover, the plaintiff claims that because the conduct recited in the Notice to Quit is in fact violative of Paragraph 7(n) of the lease, attached to the complaint as Exhibit A, the defendants did have statutorily sufficient notice of the reasons for the Notice to Quit.
The plaintiff's claim that the Notice actually given to the defendants provides them with more information than a ritualistic tracking of the statute would have done, is, however, belied by the very wording of the provision of the lease upon which it relies. That provision enjoins the tenant form "illegal or other activity which impairs the physical or social environment of the project". Thus, it is not every illegal activity that is proscribed by the lease, but only that which impairs the project's physical or social environment. While by no means condoning illegal drug possession, this court cannot presume that such private activity necessarily impairs the physical or social environment of the project and that a violation of the terms of the lease is necessarily implicated simply because there CT Page 6894 is an allegation of illegal behavior. Thus, contrary to the remedy of summary process is being sought.
This analysis of the factual basis of the plaintiff's objection to the defendants' motion illustrates well why the legal basis basis of its objection also must fail. Rather that being ritualistic, the statute requires the summary process plaintiff to state clearly the portion of the summary process statute upon which it relies so that the tenant will know precisely the allegations against which he or she is defending, framed in terms of the permissible statutory bases for summary process.
The facts of this case, to be sure, are not as egregious as those in Bongiovanni v. Reardon, 8 CLT No. 50, p. 16, in which the Notice to Quit stated as the reason for the eviction that "[t]he Lessor desires to regain possession of the premises." The Court in Bongiovanni found that the stated grounds could imply lapse of time, the ostensible reason for the eviction, but that it could imply any other reason as well.
In this case, to be sure, the Housing Authority has been more specific, but the claim of illegal drug possession could, for example, just as easily imply an eviction based on nuisance, under Connecticut General Statutes Sec. 47a-11
or 32 as it could one based on violation of the terms of the lease. Moreover, as has been previously noted, the claim of illegal drug possession is not necessarily tantamount to a claim of violation of the terms of this particular lease.
The logic of Judge Goldstein's reasoning in Horace Bushnell Congregate Homes v. Jefferson, No. SP-H-8411-26033-HD (Hartford-New Britain J.D., 1985), decided on facts remarkably similar to those in the instant matter, is persuasive. This court adopts that reasoning and concludes that the allegation regarding illegal possession of drugs and/or paraphernalia fails to meet the requirements of Connecticut General Statutes Sec. 47a-23.
This conclusion disposes of Count Two, relating to the defendant Peake, and also that portion of Count One which is based on that section of the Notice to Quit relating to illegal drug possession. It leaves unresolved, however, the claim against Ms. Squires based on her "permitting Dean T. Smith to become an occupant of the premises without the consent of the landlord." No reference to this portion of the Notice to Quit is made by the defendants in their Motion to Strike or in their Memorandum of Law, and it receives only passing mention, without argument, by the plaintiff. CT Page 6895 The issue of whether or not this section of the Notice to Quit, and the corresponding portion of Count 1, state a claim upon which relief may granted, having not been briefed by the parties, is considered to be abandoned and will therefore not be addressed by the court.
Although styled as a Motion to Strike (Connecticut Practice Book Sec. 151 et seq.), the defendants' motion, by attacking the Notice to Quit, in fact also raises the issue of this court's subject matter jurisdiction (See Bongiovanni, supra), a matter more properly raised by a Motion to Dismiss in accordance with Connecticut Practice Book Sec. 142, et seq. The defendants have chosen to bypass this pleading (See Connecticut Practice Book Sec. 112 and 113) and to seek only to strike the complaint, but as subject matter jurisdiction is non-waivable (Connecticut Practice Book Sec. 145), this court will treat the defendants' motion, at least in part, as a Motion to Dismiss.
Accordingly, that portion of Paragraph 4 of the First Count which reads: "(i) possession of illegal drugs or drug paraphernalia or permitting such possession on the premises, or ()" (sic), is ordered stricken only, as it cannot be said on the basis of the record and the briefs that the court totally lacks subject matter jurisdiction with respect to the defendant Squires; and Count Two of the Complaint, relating to the defendant Peake, is dismissed.
BY THE COURT Silbert, J.